1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE THOMAS,

11            Plaintiff,                    No. CIV S-07-0280 FCD GGH P

12        vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14            Defendants.                    ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint, or portion thereof, should only be dismissed for failure to state a

17   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

19   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

20   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

21   a complaint under this standard, the court must accept as true the allegations of the complaint in

22   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

23   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

24   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25          Plaintiff filed his original complaint on February 12, 2007.  Before that complaint

26   was screened, plaintiff filed an amended complaint.  The Federal Rules of Civil Procedure

1    provide that a party may amend his or her pleading "once as a matter of course at any time before

2    a responsive pleading is served." Fed. R. Civ. P. 15(a).  However, an amended or supplemental

3    complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

4    Once an amended pleading is filed, the original pleading no longer serves any function in the

5    case.  Id.; see also E.D. Local Rule 15-220.   Therefore, the court proceeds to screen the amended

6    complaint.

7           Plaintiff seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983

8    for violations by state officials of his rights under the Americans with Disabilities Act (ADA).

9    Plaintiff complains that he has been discriminated against due to his disability and that he was

10   denied his right to accommodations and modification of programs while on parole, and his right

11   to assistance when he participated in revocation hearings.  Amended Complaint (AC), p. 1.

12          Plaintiff contends that he was not informed of his rights under the ADA, which

13   deprived him of his right to ask for or gain access to benefits of a public entity's services,

14   activities or programs.  He believes he was discriminated against and was continuously violated

15   and imprisoned because of his disability with regard to following instructions, remembering

16   appointments, maintaining written reminders, or comprehending written information.  Moreover,

17   plaintiff was denied the right to a fair revocation hearing and denied effective communication

18   throughout the hearing.  AC, pp. 1-2.

19          Plaintiff names as defendants Lee Maxey, whom he identifies as "social worker

20   for parole unit"; parole agents Rochelle Pendleton and Mark McCarthy; and Mr. Cunduff, parole

21   unit supervisor of the Sacramento Metro Parole Unit.  Plaintiff alleges that all of these

22   individuals knew of plaintiff's learning disabilities and knew of his rights under the ADA, but

23   intentionally denied him "the right to participate in parole, or a successful parole, benefits of the

24   services, activities, or programs of a public entity...."  AC, p. 2.

25          His claims arise from conduct that occurred while plaintiff was on parole and

26   during his revocation hearing and has been occurring since December 2, 2002.  Plaintiff claims to

1   have lost ten years of his life due to his "learning disorder," of which the defendants have taken

2   advantage by failing to provide him with reasonable modification or accommodation of parole

3   conditions.  AC, pp. 2-3.

4            Plaintiff was picked up for a parole violation in 2004, shortly after verifying his

5   disabilities, and charged for a failure to register.  The district attorney used a parole condition and

6   violation to support plaintiff's conviction.  Plaintiff claims to have been convicted at a jury trial

7   even though he had registered and had never moved from the registered address.  He believes he

8   was convicted on the basis of his learning disabilities.  AC, p. 3.

9            Plaintiff's claims for money damages appear to be barred by Heck v. Humphrey,

10  512 U.S. 477, 114 S. Ct. 2364 (1994).  In Heck, an Indiana state prisoner brought a civil rights

11  action under § 1983 for damages.  Claiming that state and county officials violated his

12  constitutional rights, he sought damages for improprieties in the investigation leading to his

13  arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful

14  voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a

15  fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United

16  States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

17           in order to recover damages for allegedly unconstitutional
             conviction or imprisonment, or for other harm caused by actions
18           whose unlawfulness would render a conviction or sentence invalid,
             a § 1983 plaintiff must prove that the conviction or sentence has
19           been reversed on direct appeal, expunged by executive order,
             declared invalid by a state tribunal authorized to make such
20           determination, or called into question by a federal court's issuance
             of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
21           bearing that relationship to a conviction or sentence that has not
             been so invalidated is not cognizable under 1983.
22

23  Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

24  damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

25  conviction or sentence has been invalidated, expunged or reversed.  Id.

26           Here plaintiff is claiming that he was wrongfully convicted of a parole violation

                                                    4

1   on the basis of his learning disabilities and seeks money damages although he has not shown that

2   his conviction has been overturned, invalidated, expunged or reversed.  Plaintiff's amended

3   complaint will be dismissed but plaintiff will be granted leave to file a second amended

4   complaint to make the requisite showing.

5           With regard to his claims based on the ADA, plaintiff may bring a claim pursuant

6   to Title II of the ADA against state entities for injunctive relief and damages.  See Phiffer v.

7   Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d

8   1039 (9th Cir. 2002).  As noted, plaintiff proceeds only on a claim for money damages, which he

9   may seek against state entities under the ADA; however, he cannot seek damages pursuant to the

10  ADA against the defendants in their individual capacities.  Eason v. Clark County School Dist.,

11  303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir.

12  2001).  Accordingly, plaintiff claims against the individual defendants under the ADA must be

13  dismissed because plaintiff has not named a proper defendant.

14          The Ninth Circuit has held that compensatory damages are not available under

15  Title II of the ADA absent evidence of discriminatory intent or deliberate indifference by the

16  defendant.  Ferguson v. City of Phoenix, 157 F.3d 668, 675 (9th Cir.1998).  The court finds

17  allegations satisfying an inference of intentional discrimination or deliberate indifference to be

18  lacking.  Plaintiff does not explain in any fashion how lay parole officials should have been

19  aware of plaintiff's alleged learning disabilities.

20          Moreover, Title II of the ADA prohibits a public entity from discriminating

21  against a qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132

22  (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To

23  state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual

24  with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of

25  some public entity's services, programs, or activities; 3) the plaintiff was either excluded from

26  participation in or denied the benefits by the public entity; and 4) such exclusion, denial of

1    benefits or discrimination was by reason of the plaintiff's disability.  Weinrich, 114 F.3d at 978

2              Plaintiff attaches as an exhibit to his amended complaint, a document that appears

3    to be a copy of a December 2, 2002, confidential psychological evaluation of plaintiff, indicating

4    an IQ of 75, and particular deficiencies in the area of memory.  Even assuming plaintiff does

5    have a qualifying disability under the ADA, plaintiff does not adequately identify the public

6    entity or the services, programs, or activities of which he was allegedly deprived.  Plaintiff's

7    claims will be dismissed with plaintiff granted leave to amend.

8              Finally, although plaintiff names Governor Schwarzenegger as a defendant in the

9    caption of his case, he sets forth no allegations linking this defendant to any conduct resulting in

10   a deprivation of plaintiff's constitutional rights, and this defendant is dismissed on that basis.

11   The Civil Rights Act under which this action was filed provides as follows:

12              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
13              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
14              law, suit in equity, or other proper proceeding for redress.

15   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

16   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

17   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

18   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

19   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

20   omits to perform an act which he is legally required to do that causes the deprivation of which

21   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22              Moreover, supervisory personnel are generally not liable under § 1983 for the

23   actions of their employees under a theory of respondeat superior and, therefore, when a named

24   defendant holds a supervisorial position, the causal link between him and the claimed

25   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

26   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, an earlier pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an earlier complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

1  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

2  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

3  counsel will therefore be denied.

4          In accordance with the above, IT IS HEREBY ORDERED that:

5          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7  The fee shall be collected and paid in accordance with this court's order to the Director of the

8  California Department of Corrections and Rehabilitation filed concurrently herewith.

9          3.  Plaintiff's original complaint, filed February 12, 2007, has been superseded by

10  his amended complaint, filed on March 14, 2007;

11          4.  The March 14, 2007, amended complaint is dismissed for the reasons

12  discussed above, with leave to file a second amended complaint within thirty days from the date

13  of service of this order.  Failure to file a second amended complaint will result in a

14  recommendation that the action be dismissed.

15          5.  Plaintiff's February 12, 2007, motion for appointment of counsel is denied.

16  DATED: 9/11/07

                                    /s/ Gregory G. Hollows
17                                  _____

18                                  UNITED STATES MAGISTRATE JUDGE

21  GGH:009
    thom0280.bnf

8